﻿Citation Nr: 19172630
Decision Date: 09/19/19 Archive Date: 09/18/19

DOCKET NO. 16-16 614
DATE: September 19, 2019

REMANDED

Entitlement to service connection for hypertension is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Coast Guard from March 1969 to May 1989.

This appeal comes to the Board of Veterans’ Appeals (Board) from a rating decision, dated March 2015, issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Oakland, California (hereinafter Agency of Original Jurisdiction (AOJ)). In its decision, the RO denied service connection for hypertension because this condition was neither aggravated nor caused by service.

Entitlement to service connection for hypertension is remanded.

Although the Board regrets the additional delay, the Veteran’s remaining claim must be remanded before the Board is able to make a determination on the merits. Specifically, the Board finds that additional supporting evidence is required in developing the Veteran’s claim.

The Veteran claims that his hypertension is due to herbicide exposure, specifically Agent Orange, while serving in Vietnam. The Veteran alleges that on or about June 5, 1970, he entered the waters of the Republic of South Vietnam on the Coast Guard cutter Bering Strait (WHEC 382) to engage in combat operations, and to train South Vietnamese naval and eventually turn the cutter over to the South Vietnamese government. See Statement in Support of Claim dated April 2012. On or about November 5, 1970, the Veteran departed Bering Straits via USS Wichita City (A01) to be transported to the U.S. Marina Cantonment (airfield) at Danang RVN. Id. He spent approximately four days at Danang RVN, gaining further transport to Cubic Point NAS, Philippines. Id. 

In a December 2016 diabetes mellitus disability benefits questionnaire (DBQ), the examiner did not mark hypertension as being at least as likely as not due to his diabetes mellitus. He also did not mark that the Veteran’s diabetes mellitus aggravated his hypertension. While the Veteran has submitted private medical evidence regarding treatment of other disabilities, none of these physicians have provided an opinion regarding the Veteran’s hypertension or an opinion as to whether the Veteran’s hypertension was related to an in-service event, such as herbicide exposure. Furthermore, the Veteran has not undergone a VA examination specifically addressing his hypertension. The Board finds that a remand is required in order to obtain a VA examination which fully addresses the etiology of the Veteran’s hypertension.

As the Veteran’s claim is being remanded, the Board requests that the AOJ contact the Veteran to ensure all available medical records have been obtained and associated with the claims file. The VA’s duty to assist includes obtaining records of relevant VA medical treatment. 38 U.S.C. § 5103A(c)(2); 38 C.F.R. § 3.159(c)(2), (c)(3). See also Bell v. Derwinski, 2 Vet. App. 611 (1992) (The VA is charged with constructive, if not actual, knowledge of evidence generated by the VA). Therefore, the AOJ should obtain and associate with the claims file any outstanding VA medical records, assuming they are adequately identified by the Veteran after any necessary clarification.

Accordingly, the matter is REMANDED for the following action:

1. The AOJ should contact the Veteran, and, with his assistance, identify any additional outstanding records of pertinent medical treatment for any hypertension. In obtaining these records, the AOJ is instructed to follow the procedures for obtaining the records set forth by 38 C.F.R. § 3.159(c).

If the AOJ’s attempts to obtain any outstanding records results in a finding that such records are unavailable, the Veteran should be notified in accordance with 38 C.F.R. § 3.159(e).

2. After any additional records are associated with the claims file, the AOJ should schedule the Veteran for a VA medical examination with an appropriate qualified physician. All necessary diagnostic testing and evaluation should be performed, and all findings set forth in detail. 

Based upon a review of the entirety of the claims file, the history presented by the Veteran, and the examination results, the examiner is requested to provide an opinion as to the following questions:

(a.) Please identify any hypertension that is currently manifested.

(b.) For any hypertension did this disability arise while the Veteran was in active service or one year following his discharge from active service? If so, is it at least as likely as not (i.e. probability of 50 percent or greater) that the disability was incurred during the Veteran’s active military service, including whether this disability is due to in-service herbicide exposure?

Explanations for all opinions must be provided. In providing the requested rationale, the examiner is asked to cite to the pertinent evidence of record, including clinical records and the Veteran’s statements regarding the onset of his symptoms.

3. After completing the above development, the AOJ should review the claims file and ensure that all of the foregoing development actions have been conducted and completed in full. See Stegall v. West, 11 Vet. App. 268 (1998).

4. Thereafter, the AOJ should consider all of the evidence of record and readjudicate the claim on appeal. If the benefit sought is not granted, issue a Supplemental Statement of the Case (“SSOC”) and allow the Veteran and his representative an opportunity to respond.

 

DAVID L. WIGHT

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board K. Bristor

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.